[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16347
Non-Argument Calendar

_____

Agency No. A098-772-417

MIRI VUKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 20, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Miri Vukaj seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum because it was untimely.  Vukaj filed his asylum application, which alleged that he had a well-founded fear of future persecution based on his sexual orientation, outside of the one-year filing period, but had argued that exceptional circumstances, namely his inability to acknowledge his sexual orientation earlier, excused the late filing.  On appeal, Vukaj argues that, pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review his petition because he is raising constitutional claims related to the denial of his asylum application as untimely. After careful review, we dismiss the petition in part, and deny it in part.

Aliens seeking asylum are required to file an application within one year of entering the United States.  8 U.S.C. § 1158(a)(2)(B).  However, the untimeliness of an asylum application may be excused if it was caused by changed or extraordinary circumstances.  8 U.S.C. § 1158(a)(2)(D).  Nonetheless, the Immigration and Nationality Act ("INA") provides that courts lack jurisdiction to review any determination of the Attorney General regarding the timeliness of an application or existence of extraordinary circumstances.  8 U.S.C. § 1158(a)(3). Therefore, we lack jurisdiction to review the BIA's decisions as to whether an alien complied with the one-year time limit for filing an asylum application or whether extraordinary circumstances justified an untimely filing.  Ruiz v.

2

Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Additionally, we may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). If a petitioner has failed to exhaust his administrative remedies as to a claim raised in a petition for review, we lack jurisdiction to consider the claim. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). On the other hand, federal courts retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

We review constitutional challenges de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). To establish due process violations in removal proceedings, an alien must show that he was deprived of liberty without due process of law, and that the asserted errors caused him substantial prejudice. Id. at 1341-42. The BIA (or the IJ, if applicable) must consider the issues that a petitioner raises and announce its decision in terms that enable us to review its decision. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). The BIA need not, however, specifically address each claim or each piece of evidence that a petitioner presents. Id. The IJ and BIA need only "consider the issues raised and announce their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." Id. (alteration and quotation omitted). Because the BIA affirmed for the reasons stated in the IJ's

3

decision, we review both decisions. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Here, the IJ found that Vukaj's asylum application was untimely and that he failed to demonstrate extraordinary circumstances that excused his failure to timely apply for asylum. We generally lack jurisdiction to review the IJ's untimeliness determination. See Ruiz, 479 F.3d at 765; 8 U.S.C. § 1158(a)(3). But Vukaj raises two due process claims related to the IJ's denial of his asylum application, and we retain jurisdiction to consider constitutional claims. 8 U.S.C. § 1252(a)(2)(D). As for Vukaj's due process argument that the IJ impermissibly relied on stereotypes and inappropriate assumptions, however, he failed to present this claim in his appeal to the BIA. Thus, we lack jurisdiction to consider this unexhausted argument, see 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga, 463 F.3d at 1251, and Vukaj's petition is dismissed in part.

As for Vukaj's due process argument that the IJ failed to provide a reasoned explanation for the denial of Vukaj's asylum application as untimely, we find it to be without merit. It is clear from the IJ's decision that he denied Vukaj's asylum application because Vukaj's circumstances -- specifically, the difficult process of coming to terms with his sexual orientation -- did not constitute exceptional circumstances that excused Vukaj's failure to bring the asylum claim within one year of his 2004 arrival. As the record shows, the IJ explicitly acknowledged that

Vukaj was arguing that extraordinary circumstances excused his failure to file for asylum within one year of his last arrival to the United States. The IJ cited to and summarized the documentary and testimonial evidence that Vukaj submitted in support of his argument that extraordinary circumstances excused his untimely asylum application. The IJ also noted that Vukaj had arrived in the United States in 2004, but did not submit his asylum application based on his sexual orientation until June 2008 and that Vukaj had thoughts about homosexuality prior to leaving Albania. The IJ indicated that he understood why Vukaj did not timely submit his asylum application, but concluded that these circumstances did not meet Vukaj's burden of proving that an exception to the one-year time bar applied in his case. Thus, the IJ considered Vukaj's arguments and evidence and announced a decision sufficient to show that he had "heard and thought and not merely reacted." Ayala, 605 F.3d at 948. Accordingly, we deny Vukaj's petition as to this due process claim.[1]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1] Furthermore, the respondent's motion to dismiss for lack of jurisdiction is DENIED.